UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRENT KING,<br><br>  Plaintiff,<br><br>v.<br><br>O'REILLY AUTOMOTIVE, INC., doing business as O'Reilly Auto Parts,<br><br>  Defendant. | NO:  2:15-CV-230-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS WITHOUT PREJUDICE |

BEFORE THE COURT is Defendant's Motion to Dismiss Plaintiff's Class Allegations, ECF No. 11.  The Court reviewed the record and the pleadings and heard oral argument on this motion.[1]

---

[1] After oral argument, Plaintiff submitted a copy of a Magistrate Judge's Report and Recommendation to a district judge in the Western District of Pennsylvania as supplemental authority.  *See* ECF No. 26.  The Court finds the Report and Recommendation from a Magistrate Judge in the Third Circuit, ECF No. 26, not persuasive in this case.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS WITHOUT PREJUDICE  ~ 1

## BACKGROUND

Plaintiff, Brent King, filed this suit pursuant to 42 U.S.C. § 12188(a)(2) of the Americans with Disabilities Act (ADA) seeking a permanent injunction to compel Defendant's compliance with the act. *See* ECF No. 1. Plaintiff is confined to a wheelchair and alleges that Defendant's facilities violate the ADA with access barriers that make it unnecessarily difficult for him, and others similarly situated, to patronize Defendant's business. He relies on 42 U.S.C. § 12188(a)(2) which states in relevant part:

> In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter.

Plaintiff alleges that he has visited three of Defendant's locations in Spokane and has "experienced unnecessary difficulty and risk due to excessive slopes in a purportedly accessible parking space and its adjacent access aisle." *See* ECF No. 1 at 5-6. On his behalf, investigators examined eight other locations of Defendant's businesses and allegedly noticed the same barriers to accessibility for wheelchair-bound customers. *Id*. at 6-9.

Plaintiff brings this suit as a class action pursuant to Fed. R. Civ. P. 23(b)(2) which provides a remedy when "the party opposing the class has acted or refused

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS WITHOUT PREJUDICE ~ 2

to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

In Defendant's present motion to dismiss, counsel does not dispute that Plaintiff's allegations would meet the elements of a legal claim under the ADA, but argues that Plaintiff's allegations fail to establish standing to bring nationwide claims at Defendant's places of business where Plaintiff has not actually visited, been discriminated against, or where he intends to visit in the future. *See generally* ECF No. 11. Defendant argues that Plaintiff fails to establish standing regarding those locations because he has not suffered any injury at those places, nor is he at risk of future injury when he fails to state an intent to visit other locations in the future. *Id*. at 3-5. Additionally, Defendant argues that Plaintiff failed to allege with sufficient particularity any common policies, practices, or architectural design regarding Defendant's parking lots to support a class action based on ADA violations. *Id* at 6.

Plaintiff relies on the allegations in his Complaint that "Defendant's system-wide failure to comply with the slope and lane of access requirements of the ADA" to support standing for his putative class claims. ECF No. 16 at 4-5. Plaintiff argues that if the Court determines that he has suffered an injury-in-fact by visiting certain Defendant locations, then Plaintiff should be allowed to proceed with the class action pending future determinations of the Court at the class certification stage. *Id*.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS WITHOUT PREJUDICE ~ 3

ANALYSIS

In the motion to dismiss, Defendant argues that the class action claims should be dismissed "because Plaintiff does not have standing to pursue class action claims as pled." ECF No. 11 at 2. Although Defendant relies on FED. R. CIV. P. 12(b)(6), which allows for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted, "standing . . . pertain[s] to federal courts' subject matter jurisdiction," and is "properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Accordingly, and in light of Defendant's arguments, the Court treats the motion as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1).

The Court considers standing under an Article III analysis to determine "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf. *Warth v. Seldin*, 422 U.S. 490, 501 (1975) (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962)). The Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Id*. "[A]t the motion to dismiss stage, Article III standing is adequately demonstrated through allegations of 'specific facts plausibly explaining' why the standing requirements are met." *Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 959 (N.D. Cal. 2015)

(quoting *Barnum Timber Co. v. Envtl. Prot. Agency,* 633 F.3d 894, 899 (9th Cir. 2011).

**Legal standing for class action claims**

The Ninth Circuit Court of Appeals previously held that

> [a]t an irreducible constitutional minimum, an Americans with Disabilities Act of 1990 ("ADA") plaintiff must establish standing by showing (1) he or she has suffered an "injury in fact;" (2) there is "a causal connection between the injury" and the defendant's complained-of conduct; and (3) it is likely "that the injury will be redressed by a favorable decision." *Doran v. 7–Eleven, Inc.,* 524 F.3d 1034, 1039 (9th Cir. 2008) (citing *Lujan v. [Defenders of Wildlife]* 504 U.S. [555,] 560–61 [][(1992)]).

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 956 (9th Cir. 2011). "Even if a claim satisfies the three elements of standing to sue for past illegal conduct, to sustain standing for injunctive relief, a claimant must also establish a 'real and immediate threat of repeated injury.'" *Id.* (citing *Fortyune v. Am. Multi–Cinema, Inc.,* 364 F.3d 1075, 1081 (9th Cir.2004)) (quoting *O'Shea v. Littleton,* 414 U.S. 488, 496 (1974))). However,

> the specific injury under the ADA is not a specific barrier at a specific site but instead the discriminatory policy or design or decision. If an offending policy or design gave rise to more than one violation, then reversing the policy should eliminate more than one barrier.

*Castaneda*, 597 F. Supp. 2d at 1043. Pursuant to the ADA, "a plaintiff may challenge discrimination on behalf of a class where the discrimination arises from a common policy or practice, or a common architectural design, at multiple commonly owned or affiliated locations." *Id*. at 1042.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS WITHOUT PREJUDICE ~ 5

Both parties cite to another ADA class action case, *Vondersaar v. Starbucks Corp.*, 2013 WL 4537341 (C.D. Cal. Aug. 26, 2013), but for different propositions. Plaintiff cites to the case to support his position that a plaintiff can have standing to assert claims regarding stores that the plaintiff has not visited. *See* ECF No. 16 at 7 fn 3. Defendant cites to *Vondersaar* for the proposition that in order to establish standing for a class action involving stores that a plaintiff has not visited, the plaintiff must allege that the ADA violation was the result of a defendant's "common policy or architectural design." ECF. No. 11 at 7.

Both parties are accurate, but Plaintiff in this case apparently misunderstands the nature of Defendant's objection. Defendant is not arguing that Plaintiff can never establish standing to pursue a class action lawsuit involving locations where he has never visited. Rather, Defendant is arguing that in order for Plaintiff to establish standing for his class allegations pertaining to Defendant's locations that Plaintiff has neither visited, nor will likely visit in the future, Plaintiff must allege that he has suffered an injury in fact due to the Defendant's "common policy or architectural design." ECF No. 11 at 7. Arguing that Plaintiff has failed to do so, Defendant moves to dismiss Plaintiff's class-wide claims for lack of class-wide standing.

Plaintiff alleges in his Complaint that "while Defendant has centralized management policies regarding ADA compliance, its ADA compliance policies are inadequate in both their conception and implementation, and Defendant's facilities

continue to be inaccessible to, and not independently usable by, individuals who use wheelchairs." ECF No. 1 at 4.  Plaintiff follows this bare, conclusory statement with numerous examples of alleged ADA noncompliance at specific locations owned by Defendant.  *See id*. at 5-9.  The alleged violations appear to follow a pattern as they mostly relate to the slope of the ground surrounding parking spaces, but the different allegations vary sufficiently to undermine an allegation of a "common policy or architectural design."

Plaintiff's Complaint fails to state how the alleged examples of noncompliance adhere to any common policy or design.  The Complaint implies the presence of a policy to which these alleged structural deficiencies adhere, but the Court finds that implication, combined with Plaintiff's conclusory statements, to be insufficient.  Therefore, the Court finds that Plaintiff fails to establish standing on a class-wide basis by failing to allege a common policy or design that would be relevant to Defendant's alleged noncompliance with ADA requirements.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's Class Allegations for lack of standing, **ECF No. 11**, is **GRANTED**.

\\

\\

\\

\\

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLASS ALLEGATIONS WITHOUT PREJUDICE ~ 7

2.  Plaintiff's class allegations are **DISMISSED WITHOUT PREJUDICE**.

The District Court Clerk is directed to enter this order and provide copies to counsel.

**DATED** this 4th day of March 2016.

                         *s/ Rosanna Malouf Peterson*
                        ROSANNA MALOUF PETERSON
                           United States District Judge